UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timo Juhani Peltonen,                                              Civil No. 05-605 (DWF/JSM)

          Plaintiff,

v.                                                                **ORDER AND
                                                                  MEMORANDUM**

Branch No. 9, National Association of
Letter Carriers (ALF-CIO),

          Defendant.

---

Timo Juhani Peltonen, *Pro Se*, Plaintiff.

Kelly A. Jeanetta, Esq., Miller O'Brien, counsel for Defendant.

---

      This matter is before the Court upon Defendant Branch No. 9, National Association of Letter Carriers (AFL-CIO)'s (the "Union") objections to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated July 5, 2006. In that Report and Recommendation, Magistrate Judge Mayeron recommended that Defendant's Motion to Dismiss be granted with regards to plaintiff's claims for (a) retaliation against the exercise of First Amendment rights under 42 U.S.C. § 1983 (First Claim for Relief); (b) violation of the NLRA under 29 U.S.C. §§ 158, *et seq*. (Third Claim for Relief); (c) civil rights violations under 18 U.S.C. § 241 (Fifth Claim for Relief); (d) civil rights violations under 18 U.S.C. § 245 (Sixth Claim for Relief); (e) civil rights violations under 18 U.S.C. § 1986 (Seventh Claim for Relief); (f) civil rights violations under the Minnesota Human Rights Act § 363A.02 (Ninth Claim for Relief); (g) criminal aiding

and abetting under Minn. Stat. § 363A.14 (Tenth Claim for Relief); (h) defamation (Thirteenth Claim for Relief); (i) negligent infliction of emotional distress (Fifteenth Claim for Relief); and (j) intentional interference with contractual relations (Sixteenth Claim for Relief).  Specifically, Magistrate Judge Mayeron recommended that all of these claims, except for plaintiff's civil rights violations under 18 U.S.C. § 1986, criminal aiding and abetting under Minn. Stat. § 363A.14, defamation, and negligent infliction of emotional distress claims, be dismissed with prejudice.  Magistrate Judge Mayeron recommended that Plaintiff's civil rights violations under 18 U.S.C. § 1986, criminal aiding and abetting under Minn. Stat. § 363A.14, defamation, and negligent infliction of emotional distress claims be dismissed without prejudice.  Additionally, Magistrate Judge Mayeron recommended that Defendant's Motion to Dismiss be denied with regards to plaintiff's claims for (a) Title VII Violations under 42 U.S.C. with regards to plaintiff's claims for 2000e-2000e-17 (Second Claim for Relief); (b) civil rights violations under the Minnesota Human Rights Act § 363A.08 (Fourth Claim for Relief); (c) ADA violations under 42 U.S.C. § 12101, *et seq.* (Eighth Claim for Relief); (d) intentional reprisal under Minn. Stat. § 363A.15 (Eleventh Claim for Relief); and (e) intentional infliction of emotional distress (Fourteenth Claim for Relief).

The Union objects to Magistrate Judge Mayeron's recommendation that the Court deny its Motion to Dismiss with respect to two of Plaintiff's claims:  (1) ADA violations under 42 U.S.C. § 12101, *et seq.* (Eighth Claim for Relief); and (2) intentional infliction of emotional distress (Fourteenth Claim for Relief).  The Court has conducted a *de novo*

review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of the Union's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Union's objections (Doc. No. 16) to Magistrate Judge Janie S. Mayeron's Report and Recommendation dated July 5, 2006, are **GRANTED IN PART AND DENIED IN PART**.

2. Magistrate Judge Janie S. Mayeron's Report and Recommendation dated July 5, 2006 (Doc. No. 15) is **ADOPTED IN PART AND DENIED IN PART**.

3. Defendant's Motion to Dismiss (Doc. No. 8) is **GRANTED** with regards to Plaintiff's claims for:

    a. Retaliation against the exercise of First Amendment rights under 42 U.S.C. § 1983 (First Claim for Relief);

    b. Violation of the NLRA under 29 U.S.C. §§ 158, *et seq*. (Third Claim for Relief);

    c. Civil rights violations under 18 U.S.C. § 241 (Fifth Claim for Relief);

      d.      Civil rights violations under 18 U.S.C. § 245 (Sixth Claim for Relief);

      e.      Civil rights violations under 18 U.S.C. § 1986 (Seventh Claim for Relief);

      f.      Civil rights violations under the Minnesota Human Rights Act § 363A.02 (Ninth Claim for Relief);

      g.      Criminal aiding and abetting under Minn. Stat. § 363A.14 (Tenth Claim for Relief);

      h.      Defamation (Thirteenth Claim for Relief);

      i.      Intentional infliction of emotional distress (Fourteenth Claim for Relief).

      j.      Negligent infliction of emotional distress (Fifteenth Claim for Relief); and

      k.      Intentional interference with contractual relations (Sixteenth Claim for Relief).

All of these claims, except for Plaintiff's civil rights violations under 18 U.S.C. § 1986, criminal aiding and abetting under Minn. Stat. § 363A.14, defamation, and negligent infliction of emotional distress are dismissed **WITH PREJUDICE**. Plaintiff's civil rights violations under 18 U.S.C. § 1986, criminal aiding and abetting under Minn. Stat. § 363A.14, defamation, and negligent infliction of emotional distress claims are dismissed **WITHOUT PREJUDICE**.

4. Defendant's Motion to Dismiss (Doc. No. 8) is **DENIED** with regards to plaintiff's claims for:

    a. Title VII Violations under 42 U.S.C. with regards to plaintiff's claims for 2000e-2000e-17(Second Claim for Relief);

    b. Civil rights violations under the Minnesota Human Rights Act § 363A.08 (Fourth Claim for Relief);

    c. ADA violations under 42 U.S.C. § 12101, *et seq.* (Eighth Claim for Relief); and

    d. Intentional reprisal under Minn. Stat. § 363A.15 (Eleventh Claim for Relief).

Dated: September 29, 2006      s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              Judge of United States District Court

**MEMORANDUM**

The Union objects to Magistrate Judge Mayeron's recommendation that the Court deny the Union's Motion to Dismiss with respect to Plaintiff's claims for intentional infliction of emotional distress and violations of the American with Disabilities Act ("ADA"). The Union asserts that the claim for intentional infliction of emotional distress should be dismissed because that claim is preempted by federal law. Alternatively, the Union asserts that this claim is barred by the exclusive remedial scheme of the Minnesota Human Rights Act ("MHRA"). Additionally, the Union asserts that the ADA claim

should be dismissed for failure to state a claim.  The Court will address each argument in turn.

**Intentional Infliction of Emotional Distress Claim**

The Union asserts that the claim for intentional infliction of emotional distress should be dismissed because that claim is preempted by federal law.  In support of this argument, the Union first contends that Plaintiff's intentional infliction of emotional distress claim is preempted under the *Garmon* doctrine because the claim allegedly turns on conduct arguably prohibited by the National Labor Relations Act ("NLRA").  In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 240 (1959), the Supreme Court determined that "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as federal courts must defer to the exclusive competence of the [NLRA] Board if the danger of state interference with national policy is to be averted." *Id.* at 245.  Thus, Plaintiff's intentional infliction of emotional distress claim must be dismissed if it is founded on alleged conduct arguably constituting an unfair labor practice within the meaning of § 7 or § 8 of the NLRA.  The party claiming preemption bears the burden of establishing that the relevant conduct falls within the ambit of the NLRA. *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380, 395 (1986).

The Union asserts that Plaintiff's allegations of false statements, perjury, and obstruction of justice are supported by Plaintiff's allegation that a Union steward "lied to the NLRB investigator [by saying he] [t]ried to get Peltonen to sign a grievance, but Peltonen . . . refused."  (Compl. at ¶ 136.)  The Union also alleges that Plaintiff sought

and was denied relief from the NLRB in connection with his claims of discrimination and unfair labor practice and that the *Garmon* doctrine therefore bars Plaintiff's intentional infliction of emotional distress claim. The Court agrees with Magistrate Judge Mayeron that the Union has not met its burden of demonstrating preemption under *Garmon*. Magistrate Judge Mayeron noted that the only argument that the Union made in support of *Garmon* preemption was that Plaintiff's Complaint alleges that the conduct described violates the NLRA. This statement alone fails to articulate a sufficient basis for dismissing Plaintiff's intentional infliction of emotional distress claim because of the *Garmon* doctrine.

Next, the Union contends that Plaintiff's intentional infliction of emotional distress claim is preempted by section 301 of the Labor Management Relations Act ("LMRA"). Section 301 of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Pursuant to section 301, the Supreme Court has held that "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). Further, the Supreme Court has held that if a state law

claim does not require interpretation of any provision of a collective bargaining agreement and instead contains purely factual questions, the state law claim is "independent" and not preempted by section 301. *Id.* at 407. The Eighth Circuit has articulated the Supreme Court's section 301 preemption test as follows: "§ 301 preempts a claim if the claim is 'founded directly on rights created by the CBA' or if a resolution of the claim is 'substantially dependent on analysis of the CBA.'" *Graham v. Contract Transp., Inc.*, 220 F.3d 910, 913 (8th Cir. 2000). A claim of intentional infliction of emotional distress will not be preempted by section 301 of the LMRA "if the [defendant's] outrageous conduct violates its duty to every member of society, not just to employees covered by the collective bargaining agreement." *Oberkramer v. IBEW-NECA Serv. Ctr. Inc.*, 151 F.3d 752, 757 (8th Cir. 1998).

    Plaintiff asserted that the Union intentionally inflicted emotional distress upon his person by spreading false statements, committing perjury, obstructing justice, and conspiring with the United States Postal Service ("USPS") to force him to take unpaid medical leave. (Compl. at ¶ 186.) Magistrate Judge Mayeron analyzed each of Plaintiff's allegations, except for Plaintiff's allegation that the Union intentionally inflicted emotional distress on him by conspiring with the USPS to force him to take unpaid medical leave. (Report and Rec. at 24.) Magistrate Judge Mayeron did not analyze Plaintiff's allegation that the Union conspired with the USPS to force him to take unpaid medical leave because the court lacked sufficient facts to determine whether this allegation is founded directly on rights created by the National Agreement or if a

resolution of the claim is substantially dependent on analysis of the National Agreement. Thus, Magistrate Judge Mayeron found that the Union had not established that it was entitled to dismissal of Plaintiff's intentional infliction of emotional distress claim based on the allegation that the Union conspired with the USPS to force him to take unpaid medical leave. The Union objects to Magistrate Judge Mayeron's recommendation on the basis that Plaintiff's allegation requires interpretation of the parties' collective bargaining agreement.

The Union alleges that Plaintiff's claim requires interpretation of the parties' collective bargaining agreement because the claim is predicated on the allegation that the Union forced him into an unpaid medical leave. The Union contends that Plaintiff's claim turns on the interpretation of Article 13, Sections 3B and 4D of the parties' collective bargaining agreement. Article 13, Section 3B, of the National Agreement provides in relevant part, "[l]ight duty assignments may be established from part-time hours, to consist of 8 hours or less in a service day and 40 hours or less in a service week." (Def.'s Objections, Ex. A at 53.) Article 13, Section 4D, of the National Agreement provides in relevant part, "[t]he reassignment of a full-time regular or part-time flexible employee under the provisions of this Article to an agreed-upon light duty temporary or permanent or other assignment within the office . . . will be the decision of the installation head who will be guided by the examining physician's report, employee's ability to reach the place of employment and ability to perform the duties involved." (*Id.* at 54.)

9

Here, Plaintiff's allegation that the Union conspired with the USPS to force him into an unpaid medical leave is based on Plaintiff's allegation that he was forced to accept a light duty reassignment. (Compl. at ¶ 112.) Plaintiff further alleged that it is "against the National Agreement to force carrier to accept light duty." (*Id.* at ¶ 119.) Given Plaintiff's allegations, the Court finds that Plaintiff's claim that the Union conspired with the USPS to force him into an unpaid medical leave requires interpreting the parties' collective bargaining agreement. Specifically, the claim requires an interpretation of whether the imposition of a light-duty assignment was permitted under the agreement. Accordingly, Plaintiff's claim that the Union intentionally inflicted emotional distress on him by conspiring with the USPS to force him to take unpaid medical leave is preempted by section 301. Plaintiff's other allegations of intentional infliction of emotional distress, however, are not dismissed because of preemption under section 301. In particular, Plaintiff's allegation that the Union intentionally inflicted emotional distress on him by spreading false statements, committing perjury, and obstructing justice are not preempted under section 301 for the reasons stated in Magistrate Judge Mayeron's Report and Recommendation.

Alternatively, the Union contends that Plaintiff's intentional infliction of emotional distress claim is preempted by the MHRA's exclusivity provision. In particular, the Union alleges that: (1) the factual basis and injuries supporting Plaintiff's claim also support the claim of violation of the MHRA, and (2) the obligations owed by the Union to the Plaintiff are the same under both the common law and the MHRA. The Union further

alleges that Plaintiff's intentional infliction of emotional distress claim is predicated on his allegations that the Union was motivated to act adversely against him by virtue of an alleged animus against persons of Finnish ancestry and persons with disabilities.  Thus, according to the Union, Plaintiff's allegations in support of this claim also support his claims under the MHRA and should therefore be dismissed.

   Acknowledging the nebulous state of the case law surrounding the MHRA's preemption of common law claims, the Court agrees with the Union "that the MHRA preempts a common law cause of action if:  (1) the factual basis and injuries supporting the common law claim also would establish a violation of the MHRA; and (2) the obligations the defendant owes to the plaintiff, as a practical matter, are the same under both the common law and MHRA."  *Pierce v. Rainbow Foods Group, Inc.*, 158 F. Supp. 2d 969, 975-76 (D. Minn. 2001).  Here, Plaintiff's intentional infliction of emotional distress claim is predicated on his allegations that the Union was motivated to act adversely against him by virtue of an alleged animus against persons of Finnish ancestry and persons with disabilities.  Thus, the Court finds that the Plaintiff's allegations of intentional infliction of emotional distress would serve to support Plaintiff's MHRA claims.  In addition, the obligations that the Union owes to the Plaintiff are the same under both the common law and the MHRA.  Accordingly, on the facts of this case, Plaintiff's claim of intentional infliction of emotional distress is preempted by his corresponding MHRA claim.  Thus, the Court dismisses the claim on this basis.

**ADA Claim**

Next, the Union asserts that Plaintiff's ADA claim should be dismissed for failure to state a claim. The ADA protects any "qualified individual with a disability." *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003) (quoting 42 U.S.C. § 12112(a)). Absent evidence of direct discrimination, the Court evaluates ADA claims using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Pursuant to that framework, the plaintiff must establish a prima facie case of discrimination by showing that: (1) he has a disability within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of the disability. *Philip*, 328 F.3d at 1023; *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999).

The employer must then rebut the presumption of discrimination "by articulating a legitimate, non-discriminatory reason for the adverse employment action." *Kiel*, 169 F.3d at 1135. If the employer does this, then "the burden of production shifts back to the plaintiff to demonstrate that the employer's non-discriminatory reason is pretextual." *Id.* A plaintiff, however, need not allege a prima facie claim of disability discrimination in his Complaint in order to proceed to discovery or trial; rather, a plaintiff must present facts sufficient to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Thus, in order to survive the Union's Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff must present facts sufficient to support

his ADA claim but does not have to allege a prima facie claim of disability discrimination.

The Union contends that Plaintiff has failed to assert any facts to suggest that: (1) he is disabled within the meaning of the ADA; (2) he is able to perform the essential functions of the job with or without accommodation; and (3) he suffered an adverse employment action because of his disability. The Court disagrees. Here, Plaintiff asserted in his Complaint that he is disabled due to anxiety, depression, and accompanying physical problems. Further, Plaintiff asserted that the Union and the USPS refused to provide reasonable accommodations in the form of a 40-hour work week. Finally, Plaintiff asserted that the Union and the USPS discriminated against him as a result of his disability and forced him to take unpaid medical leave.

The Court agrees with Magistrate Judge Mayeron that the Union seeks to impose the requirement that Plaintiff must allege a prima facie claim of disability discrimination in his Complaint. But, as stated, Plaintiff is not required to allege a prima facie claim of disability discrimination at this stage. Rather, the Court finds that Plaintiff has alleged sufficient facts to support his ADA claim and therefore denies the Union's Motion to Dismiss on this basis.

D.W.F.